
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH S. WEISMAN, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 7:22cv00595 |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) |
| Defendant. | ) ) |

Serve: The Guardian Life Insurance Company of America
Serve: Corporation Service Company, Registered Agent
100 Shockoe Slip, Floor 2
Richmond, Virginia 23219

## COMPLAINT

### Jurisdiction and Venue

1. This is an action for violations of the Employee Retirement Security Income Act of 1974 ("ERISA"), including Section 501 of ERISA, arising out of Defendant's wrongful denial of a claim for long term disability insurance benefits. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. §§ 2201-2202; 29 USC §§ 1132(a), 1132(e), 1132(f), and other applicable law.

2. Venue under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1132(e)(2) is proper in the Western District of Virginia, where Plaintiff resides.

### Parties

3. Plaintiff Joseph S. Weisman, M.D. ("Dr. Weisman") is a citizen of the United States and a resident of Roanoke, Virginia. At all relevant times Dr. Weisman was licensed to practice medicine in Virginia.

4.     A graduate of Duke Medical School, Dr. Weisman is an ophthalmic surgeon specially trained by way of a fellowship in neurological ophthalmology at UCLA.

5.     At all relevant times, Dr. Weisman owned and operated an ophthalmology clinic known as Blue Ridge Eye Center ("Blue Ridge Eye Center") in Roanoke, Virginia, where he was the sole physician.

6.     Upon information and belief, Defendant The Guardian Life Insurance Company of America ("The Guardian") is a New York corporation in the business of issuing group disability insurance plans and policies which employers offer employees as a fringe benefit of the employment relationship. At all relevant times, The Guardian did business in Virginia.

7.     The Guardian at all relevant times since 2001 issued, provided, and administered a disability insurance group plan designated Group Plan Number 00690530 to Blue Ridge Eye Center which covers the medical practice's employees ("the Policy"). The Guardian is the administrator and claims fiduciary under the Policy and full time employees of Blue Ridge Eye Center are beneficiaries.

8.     Because the Policy is a group welfare benefits plan sponsored by Blue Ridge Eye Center as an employer, The Guardian must comply with ERISA in processing and paying claims for disability benefits to Dr. Weisman and other beneficiaries.

9.     The Guardian through the Policy provides short term disability insurance benefits and long term benefits to eligible employees of Blue Ridge Eye Center whose medical conditions and impairments are sufficiently severe or limiting for the coverage and indemnity promised in the Policy.

10.    As administrator and claims fiduciary, The Guardian labors under an inherent conflict of interest because it serves at once as adjudicator of claims and payor of benefits.

11. Beginning in or about 2015 Dr. Weisman was afflicted with a progressive neurological condition or disease which caused or manifested itself in essential tremors in his hands.

12. Dr. Weisman knew from his fellowship training in neurology and experience as a neuro-ophthalmologist that the standard of care for essential tremors such as his called or allowed for a regimen of prescribed beta blockers.

13. Dr. Weisman maintained and adhered to a regular and continuous course of care appropriate for his essential tremors that included beta blockers.

14. Although Dr. Weisman's treatment allowed him to continue practicing ophthalmology, his functional restrictions progressively worsened. In or about 2019, Dr. Weisman ceased performing many types of surgical procedures, such as cataract surgery, as a result of his neurological condition and associated side effects of beta blockers he took to mitigate that incurable malady.

15. No later than December 28, 2021, Dr. Weisman reached his maximum point of recovery yet was still disabled by his neurological condition under the terms of the Policy.

16. Dr. Weisman's progressively worsening essential tremors compelled him to cease practicing altogether on or about December 28, 2021, and close Blue Ridge Eye Center on or about December 31, 2021. By those dates, Dr. Weisman no longer was able to perform, on a full-time basis, major functions and duties of his job as a neuro-ophthalmologist and ophthalmic surgeon on account of essential tremors and side effects of beta blockers necessary to control those tremors.

17.     On or about December 28, 2021, when he ceased practicing medicine, Dr. Weisman was disabled within the meaning of the terms and conditions of the Policy and met all eligibility and coverage requirements for receipt of short term and long term benefits.

18.     On or about January 13, 2022, Dr. Weisman filed a written notice of claim for short and long term disability benefits. In his notice of claim, Dr. Weisman informed The Guardian that his neurological condition and resulting inability to perform major duties and functions of his job was a covered loss under the Policy.

19.     In support of his claim for short and long term benefits, Dr. Weisman subsequently submitted proof of loss to The Guardian that included medical records of two treating doctors: Dr. William "Craig" Mitchell, a Roanoke-based internist, and Dr. Jill Cramer, a neurologist in Christiansburg, Virginia.

20.     Dr. Mitchell's records from June 2017 and March 2021 document that Dr. Weisman was "under the regular care of a doctor," as that term is defined in the Policy, with respect to his essential tremors.  Dr. Weisman consulted with Dr. Mitchell about his tremors and the beta blockers Dr. Weisman used to control that condition, as reflected in medical records Dr. Weisman provided The Guardian in support of his appeal.

21.     Dr. Cramer's records included the assessments and reports attached as Exhibit A.

22.     The Guardian correctly approved Dr. Weisman's claim for short term disability benefits in March 2022 and paid Dr. Weisman all benefits due under the short term disability component of the Policy.

23.     The Guardian denied Dr. Weisman's claim for long term disability benefits arbitrarily on or about April 28, 2022.  The Guardian abused its discretion and erred by denying

Dr. Weisman's claim for long term disability benefits even though the terms and conditions for long term and short term benefits track one another.

24. Dr. Weisman requested that The Guardian review its wrongful denial decision on or about July 21, 2022.

25. Under the terms of the Policy, The Guardian's decision on Dr. Weisman's appeal was due within 45 days, or September 4, 2022.

26. Attached as Exhibit B is a copy of The Guardian's final denial decision, which Defendant dated September 8, 2022, but did not issue to Dr. Weisman until weeks later.

27. Having received the untimely decision attached as Exhibit B, Dr. Weisman has exhausted all administrative appeals and remedies available to him as a beneficiary under the Policy and ERISA.

## Claim for Relief

28. Paragraphs 1 through 27 are incorporated into this Claim for Relief.

29. Dr. Weisman paid all necessary premiums and satisfied all terms, conditions, and requirements for coverage under the Policy with respect to both short and long term disability benefits on or about December 31, 2021, when he ceased practicing ophthalmology and on or about January 13, 2022, when he applied for both sets of benefits, and when The Guardian finally denied his claim and appeals for long term benefits in 2022.

30. The Guardian acted unreasonably, arbitrarily and capriciously in September 2022 by breaching its fiduciary and contractual obligations under the Policy when it issued an untimely and poorly conceived final decision to deny and reject Dr. Weisman's claim for long term benefits.

31. The Guardian's untimely final decision denying long term disability benefits was an erroneous abuse of its discretion as claims fiduciary and inconsistent with objective medical evidence in the administrative record and with the procedural and substantive provisions of ERISA.

32. As a direct result or consequence of The Guardian's arbitrary violations of its contractual and statutory duties, Dr. Weisman has been deprived of the benefit of his bargain under the Policy, including loss of income indemnity and deprivation of his rights under the ERISA to a timely, reasoned decision untainted by The Guardian's conflict of interest.

WHEREFORE, Plaintiff Joseph S. Weisman, M.D., respectfully requests that the Court

A. Compel The Guardian to file with the Court a complete, certified copy of its Policy and its files and records related to Dr. Weisman's interrelated claims for short and long term disability benefits.

B. Declare that The Guardian's final decision to deny Plaintiff's claim for long term disability benefits was untimely, arbitrary, capricious and an abuse of discretion unsupported by sufficient evidence of record.

C. Enjoin The Guardian from continuing to violate the Policy and Plaintiff's ERISA rights.

D. Reverse The Guardian's final decision and enter judgment awarding Plaintiff all benefits to which he is entitled under the Policy since January 1, 2022.

E. Impose upon and assess against The Guardian all available statutory penalties, assessments, and damages available under ERISA for its failure to adjudicate Plaintiff's appeal in a reasoned, timely manner.

F.      Award Plaintiff the reasonable attorney's fees and costs he incurs in this appeal for judicial review under ERISA pursuant to 29 U.S.C. § 1132(g) and other applicable law.

G.      Award Plaintiff prejudgment and post judgment interest on all sums Plaintiff receives in this action.

H.      Grant Plaintiff such further equitable, legal, and declaratory relief the Court finds appropriate.

                                    JOSEPH S. WEISMAN, M.D.

                                    By:   s/Paul Beers
                                             Of Counsel

Paul G. Beers (VSB #26725)
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P.O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8035
Facsimile: (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Joseph S. Weisman, M.D.